IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

WELLS FARGO BANK, N.A.,

    Plaintiff,

vs.

LEROY WILLOUGHBY, et al.,

    Defendants.

Case 1:15-cv-129-AA

ORDER

AIKEN, Chief Judge:

Plaintiff Wells Fargo Bank brings this action against Defendant LeRoy Willoughby to recover money lost because of a check-cashing scam. This court granted Plaintiff's motion for summary judgment on three of its claims, including its claim for breach of contract, and entered judgment awarding Plaintiff $97,448.99 in damages.

Plaintiff now moves for an award of attorney's fees and costs. I grant the motion and award Plaintiff $15,622.50 in attorney's fees and $560 in costs.

## BACKGROUND

When Defendant opened an account with Plaintiff, he entered into a contract with Plaintiff that provided, "You agree to reimburse us for our costs and expenses (including attorney's fees) incurred in any action that we bring against you concerning your account and in any lawsuit instituted by you against us where we are the prevailing party." Sheffield Decl., Ex. 1, at 19 (copy of agreement), ECF No. 20.

## DISCUSSION

### I. State Law Applies to the Award of Attorney's Fees

In its motion for attorney's fees, Plaintiff cites *Voltage Pictures, LLC v. Smith*, No. 6:14-cv-1193-AA, ECF No. 22 (D. Or. Feb. 15, 2015). But *Voltage Pictures* was a copyright infringement action arising under federal question jurisdiction, so this court applied federal law in calculating the amount of reasonable attorney's fees. *See id.* at 4 (citing 17 U.S.C. § 505 as authorizing an award of fees). Here, because Plaintiff's state law breach of contract claim is under this court's diversity jurisdiction, state law applies to the determining entitlement to attorney's fees and to the calculation of a reasonable attorney's fee. *See Alaska Rent-A-Car v. Avis Budget Group, Inc.*, 738 F.3d 960, 973 (9th Cir. 2013).

### II. Colorado Law Applies

In an action arising under diversity jurisdiction, the federal court applies "the choice-of-law rules of the forum state." *Coneff v. AT & T Corp.*, 673 F.3d 1155, 1161 (9th Cir. 2012). Under Oregon choice-of-law provisions, the state law chosen by the parties to control the substantive issue under dispute also controls the issue of attorney's

fees, unless doing so would circumvent a fundamental public policy of Oregon law. *Fiedler v. Bowler*, 117 Or. App. 162, 166, 843 P.2d 961, 963 (1992).

Here, Defendant opened the account and executed the contract with Plaintiff at a bank in Pueblo, Colorado. The contract provides that Colorado law applies. *See* Sheffield Decl., Ex. 1, at 20 ("To the extent state law applies to our deposit relationship, the applicable law is the law of the state where your account was opened"). I see no conflict with any fundamental policy of Oregon law, so I will apply Colorado law.

### III. Plaintiff Is Entitled to Reasonable Attorney's Fees

Colorado law provides that if parties to a contract agree to a fee-shifting provision, the prevailing party is entitled to recover its attorney fees and costs. *Morris v. Belfor USA Grp., Inc.*, 201 P.3d 1253, 1259 (Colo. App. 2008). Here, Plaintiff prevailed, so it is entitled to attorney's fees incurred.

Defendant has not responded to Plaintiff's motion for attorney's fees and costs. Nonetheless, this court must ensure that any award of attorney's fees is reasonable. *See Agritrack, Inc. v. DeJohn Housemoving, Inc.*, 25 P.3d 1187, 1191–92 (Colo. 2001) (affirming award of "reasonable" attorney's fees when fee-shifting provision provided that the liable party would be "responsible for all attorney's fees, costs, and interest").

### IV. Amount of Attorney's Fees

Under Colorado law, the court first calculates the lodestar amount, that is, the "number of hours reasonably expended on the case, multiplied by a reasonable hourly rate." *S. Colo. Orthopaedic Clinic Sports Medicine and Arthritis Surgeons, P.C. v. Weinstein*, 343 P.3d 1044, 1049 (Colo. App. 2014) (quotation marks and citation

omitted). Here, Plaintiff requests $16,890 for attorney's fees, the lodestar amount without adjustments. The court "has discretion to make upward or downward adjustments to the lodestar amount" based on the factors listed in Colorado Rule of Professional Conduct (RPC) 1.5(a). *Id.* Those factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

RPC 1.5.

### A. Hourly Rates

Plaintiff was represented by three attorneys based in Medford, Oregon. Joseph Kellerman, with 23 years' experience, billed at $275 per hour; Charles Bolen, with 19 years' experience, billed at $225 per hour; and Eric Mitton, with 9 years' experience, billed at $200 per hour. I find that the hourly rates billed by the three Oregon attorneys are reasonable in light of their experience and location. *See* Mitton Decl., Ex. 2 (Or. St. Bar 2012 Economic Survey).

Plaintiff was also represented by two attorneys based in Pasadena, California. Robert Bailey, with 17 years' experience, billed at $340 per hour; and Christopher Carr, billed at $320 per hour. Plaintiff seeks fees for Juana Mirguia, apparently a paralegal, billed at $110 per hour.

Plaintiff states that Bailey worked with Bolen in drafting the motion for summary judgment. Plaintiff describes the summary judgment motion as "involv[ing] complex considerations regarding attributing blame for financial fraud when the primary perpetrator is unknown and not a party to the case." But I do not see this as a particularly difficult breach of contract action, and the opposing party was not an attorney. It is not clear on this record why Plaintiff required the services of out-of-state attorneys. Plaintiff has not "provide[d] sufficient evidence that this case involved such uniquely complex or esoteric issues to justify . . . a significant upward deviation from the fees customarily charged in this locality for similar legal services." *Home Loan Inv. Co. v. St. Paul Mercury Ins.*, 78 F. Supp. 3d 1307, 1317 (D. Colo. 2014) (applying Colorado law). I find that a reasonable hourly rate for Bailey, given his experience, is the rate billed by Kellerman, $275. Carr, who is a partner in the same firm as Bailey, seeks an hourly rate $20 less than Bailey's, so I find that $255 is a reasonable rate for Carr. I also find that $115 is reasonable for Mirguia, the paralegal.

### B. Number of Hours

Plaintiff succeeded on its claims. I agree with Plaintiff that its attorneys "quickly and efficiently resolved" this action. I find that the number of hours requested by Plaintiff is reasonable.

I also agree with Plaintiff that there is no reason to adjust the lodestar amount in either direction. I award of a total of $15,622.50 in attorney's fees, reflecting the reduction in hourly rates for Bailey and Carr.

## V. Costs

Costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 creates a presumption in favor of awarding costs to the prevailing party. *Kaufman v. Geico Indem. Co.*, No. 3:13-cv-01932-HZ, 2015 WL 5167248, at *1 (D. Or. 2015). Costs taxable under Rule 54(d) must be authorized by 28 U.S.C. §§ 1920 and 1821. *Id.* "The district court retains broad discretion to decide how much to award, if anything." *Id.*

I find that Plaintiff's total requested costs of $560 for filing fees and process serving fees is reasonable and authorized.

## CONCLUSION

Plaintiff's Motion for Attorney's Fees and Costs (#33) is granted. Plaintiff is awarded $15,622.50 in attorney's fees and $560 in costs.

IT IS SO ORDERED.

DATED this 23rd day of February, 2016.

_____
Ann Aiken
United States District Judge